# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 02-30131-03-GPM ) |
| BRIAN HINES,<br>#06085-025, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Brian Hines was sentenced by this Court on December 7, 2004, to a 324 month term of imprisonment after a plea of guilty to a third superseding indictment charging him with conspiring to distribute and possessing with intent to distribute cocaine. (*See* Docs. 218-220, 283.)

On January 26, 2009, Hines filed a motion for a reduction of sentence pursuant to the provisions of 18 U.S.C. § 3582(c)(2) (*see* Doc. 405). Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot

satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Hines is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. But Hines was sentenced for a crime involving *powder* cocaine only; the third superseding indictment (Doc. 184) has no mention of *crack* cocaine. The Sentencing Commission did not lower the offense level for powder cocaine, only crack cocaine. Thus, Hines's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Hines urges the Court to reconsider his criminal history calculation, but the Court is simply not authorized to revisit his sentence. The Court therefore **DISMISSES** the motion for a sentence reduction (Doc. 405) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 6/17/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge